UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RYAN WOLF | CIVIL ACTION |
| VERSUS | NO. 20-1746 |
| MARK BICKHAM | SECTION M (2) |

### ORDER & REASONS

Before the Court is a motion by defendant Mark Bickham to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and under Rule 12(b)(7) for failure to join a required party.[1] Plaintiff Ryan Wolf responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Solar Lucitania Partners ("SLP") is an indispensable party whose presence as a defendant destroys diversity subject-matter jurisdiction.

**I.   BACKGROUND**

This matter concerns a breach of partnership agreement and breach of fiduciary duty by SLP's managing partner. SLP, a general partnership, was formed on or about August 13, 1985, under Arizona law.[3] On March 7, 2014, Bickham, a citizen of Louisiana, became a partner in SLP, and, thereafter, was appointed SLP's managing partner by unanimous consent, effective October 28, 2016.[4] Wolf, a resident of Minnesota, became a partner in SLP on November 23, 2018, when his father donated to him a 50% stake in the partnership.[5]

---

[1] R. Doc. 8.
[2] R. Doc. 9.
[3] R. Docs. 1 at 3; 8-2 at 2.
[4] R. Docs. 8-2 at 2; 8-3 at 1.
[5] R. Docs. 1 at 3; 8-2 at 2; 8-3 at 1; 8-4 at 23.

1

SLP is a single-asset partnership. The asset is property located in Ourem, Portugal ("the property")[6] that Wolf alleges has a fair market value of approximately $600,000 and a fair market rental value of approximately $3,000 per month.[7] Bickham, as SLP's managing partner, entered into a 40-year lease of the property that sets the rent at $1,000 per year.[8] The lessee, Katherine M. Bickham, is Bickham's daughter.[9] Wolf filed this suit against Bickham alleging that Bickham's entering into the lease on SLP's behalf amounted to breaches of contract and fiduciary duty because it caused a substantial loss of rental income.[10]

## II.   PENDING MOTIONS

Bickham argues that SLP is a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure because Wolf is seeking to adjudicate rights that belong to the partnership.[11] Bickham further argues that, although SLP is required to be joined as a party plaintiff, joinder is not "feasible" because it would destroy diversity of citizenship and "deprive the court of subject-matter jurisdiction" since the partnership and Bickham are both citizens of Louisiana.[12] Thus, contends Bickham, the action cannot "in equity and good conscience" proceed among the existing parties, requiring the action to be dismissed under Rule 19(b).[13]

In opposition, Wolf, relying on *Moss v. Princip*, 913 F.3d 508, 519-20 (5th Cir. 2019), argues that SLP's joinder is not required.[14] In *Moss*, the Fifth Circuit held that a lawsuit between partners did not require joinder of the partnership because, under Texas partnership law, a partner could be liable to his other partners for breach of a partnership agreement or violation of

---

[6] R. Doc. 1-3 at 1.
[7] R. Doc. 1 at 5.
[8] *Id.* at 4-5.
[9] *Id.* at 4.
[10] *Id.* at 5-7.
[11] R. Doc. 8-2 at 4-8.
[12] *Id.* at 8-9.
[13] *Id.* at 9-13.
[14] R. Doc. 9 at 1-2.

2

partnership duties. *Id.* at 521. Wolf then argues, based on a treatise's reading of the Louisiana Code of Civil Procedure, that Louisiana law is to like effect, enabling one partner to sue another directly.[15] Finally, Wolf argues that, to the extent it may apply, Arizona partnership law authorizes Wolf to sue Bickham directly, without joining SLP as a plaintiff, on claims he did not act in good faith.[16]

## III.  LAW & ANALYSIS

### A.  Legal Standards

#### 1.  Rule 12(b)(1) standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a court's subject-matter jurisdiction. "[A] claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate' the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quoting *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012)). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Id*. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter

---

[15] *Id.* at 3. Wolf cites the treatise for the proposition that, under Louisiana partnership law, partnerships are only "necessary," and not "indispensable," parties. G. MORRIS & W. HOLMES, 7 LA. CIV. L. TREATISE, BUSINESS ORGANIZATIONS § 6:8 (2020).

[16] R. Doc. 9 at 3-4. While SLP is an Arizona partnership, its chief executive office is in River Ridge, Louisiana. R. Doc. 1 at 2. As Bickham points out, under Arizona law, "the law of the jurisdiction in which a partnership has its chief executive office governs relations among the partners and between the partners and the partnership." R. Doc. 8-2 at 6 n.1 (quoting Ariz. Rev. Stat. § 29-1006(A)). Therefore, because it appears that Louisiana law governs the claims Wolf asserts in this civil action, there is no need to look to Arizona partnership law. Moreover, Wolf chose to file his complaint in this Louisiana jurisdiction and makes no choice-of-law analysis to urge the application of Arizona law in this case. Consequently, where relevant, this Court will look to Louisiana, not Arizona, partnership law.

jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 235 (5th Cir. 2018) (citing *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)). In any event, "a court's dismissal of a case for lack of subject-matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum." *Orpheum Prop., Inc. v. Coscina,* 2018 WL 1518471, at *3 (E.D. La. Mar. 28, 2018) (citation omitted).

In this case, subject-matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction exists when the civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The diversity of citizenship must be complete, *see Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806), which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

**2. Rule 12(b)(7) standard**

Rule 12(b)(7) of the Federal Rules of Civil Procedure requires the dismissal of claims when a plaintiff fails to join a required party to the lawsuit pursuant to Rule 19. "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *Orpheum Prop.,* 2018 WL 1518471, at *3 (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ("The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit

4

all those persons who ought to be there by requiring joinder.") (citations and footnote omitted)). "It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *Id.* (citations omitted).

Rule 19 "sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action. First, the court must determine whether the party is necessary to the action under Rule 19(a). If the court determines that the party is necessary, it must then determine whether the party is indispensable to the action under Rule 19(b)." *Orpheum Prop.,* 2018 WL 1518471, at *5; *see also Hood ex rel. Miss. v. City of Memphis,* 570 F.3d 625, 628-29 (5th Cir. 2009) ("the court must … determine whether [the absent] person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party").

A person is a required party whose joinder is necessary under Rule 19(a)(1) if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The party advocating joinder has the initial burden of demonstrating that an absent party is necessary, but "the burden of disputing this initial appraisal falls on the party who opposes joinder." *See Pulitzer*, 784 F.2d at 1309 (citing *Boles v. Greeneville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972) (Tuttle, J., sitting by designation)).

If joinder is appropriate under Rule 19(a)(1), but such joinder would destroy the court's jurisdiction, the court must determine whether "in equity and good conscience" the lawsuit can

proceed without the absent party or should be dismissed. Fed. R. Civ. P. 19(b); *see Pulitzer*, 784 F.2d at 1309 ("[I]f joinder is called for, then Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined."). Rule 19(b) directs that a court consider these factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

No single factor is dispositive. *See Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1326 (Fed. Cir. 2020) (concluding that "the district court abused its discretion by collapsing the multi-factorial Rule 19(b) inquiry into one dispositive fact: UT's status as sovereign"). Resolving whether a party is required under Rule 19(b) is a practical, fact-based inquiry, wherein the various harms that the parties and the absentees might suffer are balanced. *See, e.g., Hood,* 570 F.3d at 628; *AT&T Commc'n v. BellSouth Telecomm. Inc.,* 238 F.3d 636, 658 (5th Cir. 2001) ("The determination of whether a party is 'indispensable' is thus a pragmatic one.").

Joining a party under Rule 19(b) may affect a court's subject-matter jurisdiction. If the joinder of a required party under Rule 19(b) destroys a court's diversity subject-matter jurisdiction, a court must decide whether it should dismiss the case pursuant to Rule 12(b)(7).

B. **SLP is Required to Join this Litigation**

1. **SLP is a necessary party**

Bickham has met his initial burden under Rule 19(a)(1)(B) of showing that SLP is a necessary party that is missing from this litigation. Bickham correctly points out that all of Wolf's alleged claims are derivative, really belonging to the partnership, SLP, not to the individual partners.[17] SLP, the owner of the property, has a substantial interest in the subject of this action – the 40-year lease on the property which Wolf alleges Bickham, as managing partner, caused SLP to enter with his daughter at a rental rate substantially below market value. Wolf alleges that this conduct constituted self-dealing on Bickham's part and breaches of his fiduciary duty and his obligations of good faith and fair dealing, loyalty, and care owed to the partnership.[18] Wolf also claims that Bickham is not authorized to serve as SLP's managing partner due to alleged irregularities in the transfer of partnership interests and in voting under the partnership agreement.[19] These are quintessential claims belonging to a partnership. The remedies Wolf seeks, such as damages for losses arising from certain lease improvements and the difference in rental revenue between the lease rate and fair market rate, are of strong interest to SLP and involve alleged injuries suffered more directly by SLP than Wolf. *See, e.g., Buckley v. Control Data Corp.*, 923 F.2d 96, 98 (8th Cir. 1991) (holding under Minnesota law that plaintiff-partner's claims were derivative, belonging to partnership, where the claimed injury was not separate and distinct from any injury to the partnership but was only indirectly suffered by the partners).

Under Louisiana law, the harms alleged by Wolf, as partner, are not separate from those suffered by SLP, as the partnership, as to state an individual, rather than a derivative, claim. *See*

---

[17] R. Doc. 8-2 at 5.
[18] R. Doc. 1 at 4-11.
[19] *Id.* at 3-4, 9.

7

*Whalen v. Carter,* 954 F.2d 1087 (5th Cir. 1992) (partnership was an indispensable party in lawsuit making derivative claims charging the managing partner with fraud);[20] *AMTAX Holdings 2001-VV, LLC v. Warren Homes, LLC*, 2015 WL 6869419, at *3-4 (E.D. La. Nov. 9, 2015) (following *Whalen*); *Dunne v. Hackett & Dunne P'ship*, 1999 WL 147672, at *3 (E.D. La. Mar. 15, 1999) ("In Louisiana, a partnership is a necessary party to an action in which the plaintiff's claims are interwoven with the interests of the partnership[].") (citing *Beninate v. Bruno*, 497 So. 2d 1022, 1024 (La. App. 1986)); *cf. Bankston v. Burch,* 27 F.3d 164, 167 (5th Cir. 1994) (under Hawaii law, partnership was an indispensable party in lawsuit seeking to vindicate rights of partnership, not those of limited partner); *Pulitzer,* 784 F.2d at 1311 (same in Louisiana corporate context); *Odom v. Posey,* 2009 WL 2356865, at *3 (E.D. La. July 27, 2009) (same in Louisiana limited liability company context).  Thus, as a practical matter, SLP's ability to protect its interests would be impaired or impeded if this lawsuit asserting derivative claims proceeds in SLP's absence.  Fed. R. Civ. P. 19(a)(1)(B)(i).

Further, if this action were to progress without SLP, Bickham, as SLP's managing partner, may be exposed to "double, multiple, or otherwise inconsistent obligations because of the interest," since SLP (through its other partner who is also absent from this suit) would have an interest in

---

[20] In *Whalen*, the Fifth Circuit observed:

> … Under Louisiana law, the legal rights of a partnership in commendam are distinct from the rights of the partners.  Although a limited partner in a Louisiana partnership in commendam can in some cases bring a suit in his individual capacity to recover for the loss of partnership assets, the basis for such a suit rests in the injury to the corporation, not the indirect injury to the partner.  Thus, as an entity, a partnership in commendam has a strong interest in insuring that it can protect against the depletion of its assets and, where necessary, in recovering those assets after they have been depleted.

954 F.2d at 1096 (citing La. Code Civ. P. arts. 688 ("A partnership has the procedural capacity to sue to enforce its rights in the partnership name, and appears through and is represented by an authorized partner.") & 737 ("The partners of an existing partnership may not be sued on a partnership obligation unless the partnership is joined as a defendant."), and *Harrison v. Frye*, 46 So. 2d 382, 383 (La. App. 1950) (partnership is proper party in actions affecting partnership rights)) (other citations omitted).

pursuing claims against Bickham on its own behalf for losses related to the 40-year lease, lease improvements, and partnership governance issues. Fed. R. Civ. P. 19(a)(1)(B)(ii).

Hence, joinder of SLP is necessary under Rule 19(a).

### 2. SLP is an indispensable party

As a partnership, SLP takes on the citizenship of all its partners, *see Moss,* 913 F.3d at 514, including Bickham, a Louisiana citizen, and Wolf, a Minnesota citizen. Consequently, complete diversity would be destroyed by SLP's joinder as a party. Because joinder is appropriate under Rule 19(a), but joinder is not "feasible" in that it would upset federal subject-matter jurisdiction, the Court must determine whether the lawsuit can proceed without SLP in "equity and good conscience" or whether SLP is indeed required considering Rule 19(b)'s four factors. *See Pulitzer*, 784 F.2d at 1312 ("[W]e must assess the factors set out in Rule 19(b), seeking to avoid manifest injustice while taking full cognizance of the practicalities involved.").

The first factor – prejudice to the absent or existing parties – points in favor of finding SLP's joinder to be indispensable. The Supreme Court has described this factor as a consideration of the absent outsider's interest in avoiding prejudice from a federal proceeding. *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 110-11 (1968). As discussed above, Wolf seeks to adjudicate claims that belong to SLP. *See Dunne*, 1999 WL 147672, at *4 ("under Louisiana partnership civil law a partnership is an entity separate and distinct from the partners thereof," and "[a]s such … may be subject to obligations, or hold certain rights, independent of the partners," so "a ruling in this [federal] court may well affect the distinct interest of the absent partnerships"). Proceeding without SLP would prejudice its ability to protect its rights in its sole asset and would potentially subject Bickham to multiple suits. This is especially true in a case

9

such as this where one of the partners, Paul Dresneck (a/k/a Dreschnack),[21] is not a party to the suit. Dresneck owns a 27% interest in SLP,[22] but he has not been joined in the suit as a plaintiff or a defendant. This fact distinguishes those cases holding that an absent partnership is not an indispensable party under Rule 19(b) when all its partners are party to the litigation. *See, e.g., Moss*, 913 F.3d at 517-19 (discussing *Hooper v. Wolfe*, 396 F.3d 744, 745-46 (6th Cir. 2005), *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1188 (3d Cir. 1996), and *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 82 (2d Cir. 1990)). The specter of a determination of SLP's rights in a partnership asset, as well as its ownership and management interests, without SLP's participation or that of one of its partners is itself sufficiently prejudicial to render SLP an indispensable party. *Cf. Hood*, 570 F.3d at 633 (holding state to be indispensable party to decision of its water rights). A judgment rendered in SLP's absence would not be adequate because the injuries Wolf alleges are in fact injuries suffered by SLP as they are tied to SLP's sole asset, ownership, and management. Wolf, as a partner, is only indirectly harmed. Additionally, because Dresneck is not a party to this suit, any judgment rendered in Wolf's favor will have a material effect on his interest as well as the interest of the partnership and its most important asset. At a minimum, SLP and Dresneck might be prejudiced by a negative precedent in this case that could affect their prosecution of claims in another court. *See Pulitzer*, 784 F.2d at 1313.

The second factor – lessening or avoiding prejudice by protective provisions in the judgment, shaping the relief, or other measures – weighs slightly in favor of dismissal, although neither party makes a compelling argument whether any protective provisions or measures shaping relief dispensed by the Court would lessen or avoid prejudice to Bickham, SLP, or any other party. The *Provident* Court described this factor as a consideration of the defendant's interest in avoiding

---

[21] *Compare* R. Doc. 8-4 at 20-22, *with id*. at 21 & 23.
[22] *Id.* at 23.

10

multiple suits or inconsistent relief. *See* 390 U.S. at 110. In this light, Bickham's interest in being free from multiple litigation deserves some weight in the Rule 19(b) analysis. *Pulitzer*, 784 F.2d at 1313 (citing *Shutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970), for the proposition that "defendant has right to be safe from needless multiple litigation").

The third factor – whether a judgment rendered in SLP's absence would be adequate – favors finding SLP to be an indispensable party and resulting dismissal. The *Provident* Court described this factor as a consideration of the public's interest in efficient dispute resolution. *See* 390 U.S. at 111. "The presence of multiple litigation and its attendant burdens on the parties and the court system should also be considered." *Pulitzer,* 784 F.2d at 1313. Adequate judgments favor "settling disputes by wholes," because courts seek "complete, consistent, and efficient settlement of controversies." *See Provident,* 390 U.S. at 111. Leaving any possibility for further litigation by Dresneck, or by SLP, against Wolf or Bickham related to this matter in this, or any other, forum, does not ensure a complete, consistent, or efficient resolution of this controversy.

Finally, the fourth factor – whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder – favors finding SLP to be an indispensable party because Wolf can refile this action in Louisiana state court if this action is dismissed. The *Provident* Court described this factor as a consideration of the plaintiff's interest in a federal forum. 390 U.S. at 109-10; *Pulitzer,* 784 F.2d at 1312. Wolf's interest in a federal forum is weak in that relief in the state courts is available to him. The state courts are as convenient to him and his witnesses as the federal court, the federal court has no special expertise in the subject of his suit, and this federal case is only in its nascent stages. *See also Dunne*, 1999 WL 147672, at *4 ("Complete relief is available to [plaintiff] in the state court, where he could name the partnerships as parties without

11

destroying diversity."). Thus, Wolf can file this same complaint in state court naming SLP as a party.

In sum, all four of Rule 19(b)'s factors lead this Court to conclude that SLP is an indispensable party whose joinder would deprive it of subject-matter jurisdiction over this case. As a result, the case should be dismissed.

### 3. Wolf's arguments do not alter the conclusion that SLP is an indispensable party.

Wolf makes two arguments that this Court should not follow the Fifth Circuit's precedent – its holding and rationale – in *Whalen* in concluding that SLP is an indispensable party. First, Wolf urges this Court to look to the Fifth Circuit's more recent decision in *Moss v. Princip*[23] to find that SLP's joinder is not required. Second, Wolf argues that *Whalen* was decided before the 1995 amendments to the Louisiana Code of Civil Procedure articles pertaining to joinder, so it is not controlling. Both arguments are unavailing.

Although the Fifth Circuit in *Moss* held that a partnership was not a required party under Rule 19, the decision is distinguishable and does not control here. *Moss* involved two partners in a four-person Texas partnership suing the two other partners and the partnership in Texas state court but litigating only the claims against the defendant-partners, not those against the partnership itself. *Moss,* 913 F.3d at 512. The defendant-partners removed the action to federal court based on diversity jurisdiction. The case was tried, and the jury found that a partnership existed and awarded plaintiff-partners compensatory damages. *Id.* After losing at trial, the defendant-partners moved to dismiss the case for lack of subject-matter jurisdiction on grounds that diversity was not complete because the partnership was included as a defendant. *Id.* at 513. At the same time plaintiff-partners moved to dismiss the partnership as a dispensable party. The district court

---

[23] 913 F.3d 508, 513 (5th Cir. 2019).

granted plaintiff-partners' motion to dismiss the partnership as a dispensable party and refused to dismiss the case for lack of subject-matter jurisdiction. *Id.* The Fifth Circuit affirmed. *Id.* at 514 & 523.

The Fifth Circuit's reasoning in *Moss* highlights why this case is distinguishable in several significant respects. At the outset, the *Moss* court was troubled by the procedural posture of the case when the defendant-partners (who had themselves removed the case to the federal forum) finally raised the issue of subject-matter jurisdiction – namely, ***after*** a jury trial they lost. To the *Moss* court, the defendants' motion to dismiss seemed to be more of a strategic, last-ditch effort to avert the adverse verdict than a serious concern for the partnership's rights. After all, the partnership had been a defendant the entire time, even though the defendant-partners' claims were not pressed against it. In contrast, the case before this Court is in its infancy. Bickham, who has yet to file an answer, raised the issue of SLP's joinder in a motion to dismiss less than two months after suit was filed. There is no "fully litigated judgment," entered on a jury verdict, here to protect. More substantively, in *Moss*, ***all*** the partners were parties in the action. Thus, reasoned the Fifth Circuit, the partnership's interests were fully represented (even by the party presence of the partnership itself), such that *Moss* was more like the decisions in *Hooper*, *HB General*, and *Delta Financial* holding partnerships to be dispensable, *id.* at 517-19,[24] than like the Fifth Circuit's own decisions in *Whalen* and *Bankston* holding partnerships to be indispensable to suits derivatively implicating partnership interests. *Id.* at 515-17. This is not the case in the present litigation, where at least one partner – Dresneck – is not present. Thus, in *Moss*, allowing the inclusion of the partnership to destroy diversity subject-matter jurisdiction at the end of the litigation when all the partners had been present in the suit would have resulted in a huge waste of judicial resources.

---

[24] *See supra* at 10 (referencing full citations of these three cases from other circuits).

Moreover, to some degree, *Moss* applied Texas partnership law, which is obviously inapplicable to this case. *Id.* at 519-21. In sum, *Moss* is distinguishable and not controlling here.

Wolf also questions *Whalen*'s 1992 holding given the intervening amendments to the provisions on joinder in the Louisiana Code of Civil Procedure, citing to a leading treatise on Louisiana law in support of his position. Wolf misapprehends both the amendments and the treatise. Louisiana Code of Civil Procedure articles 641 and 642 were amended in 1995 to mirror the language of subsections (a) and (b) of federal Rule 19, respectively. In doing so, the amendments are said to have codified the holding of a 1973 Louisiana supreme court decision – predating *Whalen* – "that courts determine whether a party should be joined and whether the action could proceed if the party could not be joined by *a factual analysis of the interests involved*." La. Code Civ. P. art. 641 comment – 1995 (citing *State Dep't of Highways v. Lamar Advertising Co.*, 279 So. 2d 671 (La. 1973)) (emphasis added). Having conducted the "factual analysis of the interests involved" in conjunction with its application of Rule 19 above, the Court is confident that Louisiana state procedural law, even if it were relevant,[25] would call for no different result. And while the treatise Wolf cites does call into question the pedigree of article 737 of the Louisiana Code of Civil Procedure (which provides that "[t]he partners of an existing partnership may not be sued on a partnership obligation unless the partnership is joined as a defendant"), it also states that article 737 remains "in effect, and it does plainly make joinder of the partnership mandatory rather than permissive where it applies."[26] The treatise authors go on to say that the question "whether a case should be dismissed when the required joinder is not feasible" should not follow automatically

---

[25] Federal district courts sitting in diversity apply the Federal Rules of Civil Procedure, not state rules of civil procedure. *Klocke v. Watson,* 936 F.3d 240, 244 (5th Cir. 2019); *see Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Thus, the authorities Wolf cites that rely upon provisions of the Louisiana Code of Civil Procedure are likely not relevant to the inquiry before the Court. Rather, the Court must apply, and has applied, Rule 19 of the Federal Rules of Civil Procedure.

[26] MORRIS & HOLMES, *supra* note 15.

14

from an application of article 737, but "[t]hat issue should be governed by application of art[icle] 642."[27]  Again, because the language of article 642 follows that of Rule 19(b), the guidance of the treatise authors would call for no different result than does the Court's "factual analysis of the interests involved" in applying Rule 19(b).

Therefore, Wolf's arguments fail to alter this Court's conclusion that SLP is an indispensable party and, consequently, that this case should be dismissed.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Bickham's motion to dismiss for failure to join a required party and lack of subject-matter jurisdiction (R. Doc. 8) is GRANTED, and this matter is dismissed without prejudice.

New Orleans, Louisiana, this 30th day of October 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[27] *Id.*